[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
This is a foreclosure action wherein the plaintiff, following a judgment of foreclosure by sale, and subsequent sale of the premises at committee sale, now seeks a deficiency judgment.
The defendants object to a deficiency judgment, claiming that the plaintiff is estopped from seeking a deficiency judgment because they, the defendants, did not contest the foreclosure action or the foreclosure by sale because counsel for the plaintiff at that time agreed that it would be a "friendly foreclosure" and that the plaintiff would not seek a deficiency judgment.
The current amount of the debt is $326,880.27 and CT Page 4473 the net sale proceeds are $194,557.02. Therefore, the deficiency is $132,323.25. See [New England Savings Bankv. Lopez], 227 Conn. 270, 277-278 (1993). The plaintiff is entitled to a deficiency judgment in this amount unless the defendants have proved their affirmative defense by a fair preponderance of the evidence.
There was widely differing testimony by Andre Melief on the one hand, and Attorney Michael McKenna and Attorney Nancy Sinkiewicz on the other, concerning conversations-between them. Mr. Melief testified that Attorneys McKenna and Sinkiewicz told him that the foreclosure would be a "friendly foreclosure", and that the plaintiffs would not seek a deficiency judgment. Attorneys McKenna and Sinkiewicz flatly denied this. Mr. Melief and Attorney McKenna differed greatly in their testimony in other areas as well.
The outcome of this case depends even more than usual upon the court's evaluation of the credibility of the witnesses. Having done this, the court finds that the defendants have not sustained their burden of proving a fair preponderance of the evidence that either the plaintiff or its agents or representatives agreed that this foreclosure would be a "friendly foreclosure" or that the plaintiff would not seek a deficiency judgment. Whatever actions the defendant did or did not take, cannot reasonably be attributed to any representations made to them by the plaintiff or its agents. The defendant, Andrew Melief, holds a M.B.A. from Stanford University and is experienced in real estate matters. He also is thoroughly conversant with mortgage foreclosure procedures.
The defendants also claim that if the plaintiff is entitled to a deficiency judgment under Section 49-28 of the Conn. Gen. Stat., they are entitled to a credit of one-half the difference between the appraised value and the selling price, as provided in Section 49-28. However, this credit is available only if the plaintiff was the party upon whose motion the sale was ordered. In this case, the plaintiff did not move for foreclosure by sale. For the court to conclude, that by failing to object to the motion for foreclosure by sale which was filed by another party, the plaintiff should be treated CT Page 4474 as if it were a party upon whose motion the sale was ordered, requires a quantum leap that this court is unwilling to make.
A deficiency judgment in favor of the plaintiff against both defendants is hereby entered in the amount of $132,323.25.
RICHARD A. WALSH, J.